**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RONALD MOORE, | No. 12-16536 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-01014-HRL |
| v. | |
| ROBINSON OIL CORPORATION, DBA Rotten Robbie #42, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding

Submitted October 7, 2014[**]
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

Ronald Moore appeals the district court's judgment entered in favor of

defendant/appellee Robinson Oil Corp. ("Robinson"), concluding that Moore

failed to establish that Robinson violated Title III of the Americans with

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. The district court also dismissed Moore's parallel state-law claims, finding that each was contingent on first finding liability under the ADA. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

The district court did not abuse its discretion by concluding that Moore's restroom construction proposal was not "readily achievable" under 42 U.S.C. § 12182(b)(2)(A)(iv). At trial, Robinson presented evidence that Moore's proposal was a significant, costly endeavor, which would require, *inter alia*, removing load bearing walls and existing plumbing, installing support columns to support the roof, and reroofing the facility. Given that Robinson presented ample evidence about the cost and scope of Moore's construction proposal, the district court did not abuse its discretion by concluding that the proposal was not "easily accomplishable and able to be carried out without much difficulty or expense." *See* 42 U.S.C. § 12181(9)*; Mannick v. Kaiser Found. Health Plan, Inc.*, No. 03-5905, 2006 WL 1626909, at *12, *15 (N.D. Cal. June 9, 2006).

Moore's claim that the district court incorrectly placed the burdens of production and persuasion on him to show that the proposed restroom construction was readily achievable is meritless. This circuit has "yet to decide who has the burden of proving that removal of an architectural barrier is readily achievable."

2

*Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1010 (C.D. Cal. 2014). In this case, regardless of the allocation of the burden of proof, there was insufficient evidence to support a conclusion that the proposed restroom renovation was "readily achievable." The district court did not mention burdens in its analysis and clearly based its decision on the evidence that both parties presented at trial.

We likewise reject Moore's argument that Robinson was required to present evidence rebutting Moore's expert's conclusory testimony that a portable restroom "could be inserted at the exterior of the [Gas Station]." Moore concedes that he bears the initial burden of production under 42 U.S.C. § 12182(b)(2)(A)(v) to identify an alternative that is facially feasible, yet contends that his expert's testimony is sufficient. We first note that the district court did not find Moore's expert credible; the court specifically noted that the expert "appeared to have a weak understanding of the ADA's readily achievable standard and made some assertions that seemed flat-out incorrect." It was therefore within the district court's discretion to reject Moore's untested speculation that installing a portable restroom might be possible. *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014). Moreover, the expert's conclusory testimony, without further explanation, is insufficient to meet Moore's burden of production to

3

establish that the portable restroom was readily achievable. *See, e.g.*, *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012).

Moore's argument that Robinson "is required, as a matter of law, to install wheel stops along the [Gas Station's handicap] accessible route" is likewise without merit. Moore claims that a temporary obstruction to the accessibility route transforms it into an ADA violation. Moore provides no legal support for his strained interpretation of the ADAAG, and we reject the argument. *See Cohen v. City of Culver City*, 754 F.3d 690, 699 (9th Cir. 2014) ("While temporary obstructions do not violate the ADA, obstructions that persist beyond a reasonable period of time do violate the statute.").

Lastly, we reject Moore's argument that the district court erred by dismissing his state-law claims. Moore does not dispute that an ADA violation was required to support his state-law claims for statutory damages, but argues that the "district court did in fact find that there *were* ADA violations." Moore misstates the record and relies on the portion of the district court's decision that addressed his *standing* to bring suit—a standard the district court noted was to be interpreted broadly. Standing to bring suit does not equate to a finding that Robinson violated the ADA. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008) ("Once a disabled individual has encountered or become aware of

4

*alleged ADA violations* that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact" for standing purposes. (emphasis added)).

Moore also argues that the parties' pretrial stipulation—that certain "barriers alleged in Plaintiff's First Amended Complaint have been removed"—provides a basis for finding that an ADA violation occurred. This contention fails because the alleged ADA violations addressed in the stipulation became moot when corrected before trial, and were not decided on the merits. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("[A] defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.").

**AFFIRMED**